Erik Khan
Plaintiff Pro Se
Inmate Reg. No. 66770-051
Federal Correctional Institution
Fort Dix
PO Box 2000
Joint Base MDL, NJ 08640

RECEIVED
AT 8:30
CLERK, U.S. DISTRICT COURT
JUN -5 2023
M-DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Erik Khan,

        Petitioner,

v.

Stevie Knight,

        Respondent.

Case No. _____

MEMORANDUM OF LAW
IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS

## INTRODUCTION

This case challenges the constitutionality of 18 U.S.C. Sec. 3632(d)(4)(xxxix) and (xli) under the rubric of the equal protection component of the Fifth Amendment. Specifically, Petitioner asserts that Congress had no rational basis to exclude child pornography offenders from the time credit reward system of the First Step Act while allowing enticement offenders that very award. Because enticement offenders and child pornography offenders are similarly situated "in all relevant respects" and there is no rational basis to treat enticement offenders differently than child pornography offenders, Plaintiff requests that the Court hold the exclusion as violative of the Fifth Amendment and issue an injunction prohibiting the Department of Justice from enforcing the exclusion against him.

## STATEMENT OF RELEVANT FACTS

Petitioner is currently serving a 240-month sentence for violating the Child Pornography Prevention Act. Specially, Petitioner was convicted of one count of attempted production of child pornography, one count of distribution of child pornography, one count of receipt of child pornography, and one count of possession of child pornography. See United States v. Erik Bilal Khan, 2017 U.S. Dist. LEXIS 185690 (D.N.M. Nov. 9, 2017), adopted by 2018 U.S. Dist. LEXIS 92934 (D.N.M. May 31, 2018), aff'd at 769 Fed. Appx. 620 (10th Cir. 2019), cert. den. Khan v. United States, 140 S. Ct. 1222 (2020). Since 2016, he has been serving his sentence at FCI Fort Dix.

On December 21, 2018, President Donald J. Trump signed The First Step Act of 2018 (hereinafter referred to as "FSA"). The FSA was hailed as one of the most comprehensive criminal justice reform legislations in more than a generation. One of the primary goals of the FSA was to reduce recidivism rates while also reducing the federal prison population. Along with drastically changing statutory penalties for a multitude of law, the FSA ordered the Federal Bureau of Prisons to implement a system of programs aimed at rehabilitating offenders in federal custody. Congress created statutory incentives for inmates to enroll and participate in these programs including one that reduces the amount of time served in the custody of the Bureau of Prisons by up to a year. This incentive has resulted in the speedier release of thousands of inmates and is generally recognized as a major success.

Congress did decide to exclude 68 categories of offenses from the benefit. So far as can be discerned, there is no indication why Congress selected any of the enumerated 68 categories. As relevant here, Congress decided to exclude offenders, like Petitioner, convicted of the Child Pornography Prevention Act. That prohibition is codified in relevant part at 18 U.S.C. Sec. 3632(d)(4)(D)(xxxix) and 18 U.S.C. Sec. 3632(d)(4)(D)(xli).

At first blush it would appear that Congress decided to exclude all sex offenders with minor victims from the award. But, on closer examination, it becomes apparent that Congress has granted the incentive to offenders convicted under Chapter 117 of Title 18. These offenders also have minor victims thus raising the question Petitioner presents here. Has Congress violated the equal protection component of the Fifth Amendment by excluding child pornography offenders from the incentive while granting enticement/transportation offenders the early release incentive?

## 2241 IS THE PROPER VEHICLE FOR THIS CASE

The ability of a prisoner to seek habeas corpus relief is predicated on whether the relief he seeks would result in a speedier release from confinement. Because application of the time-credit system results in speedier release from custody, at least one judge from this Court has properly held that 2241 is the proper vehicle for raising issues related to that system. See e.g. Moody v. Gubbiotti, 2022 U.S. Dist. LEXIS 181399 (D.N.J. Oct. 3, 2022). Accordingly, this case is properly brought via 28 U.S.C. Sec. 2241.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

It is generally the rule that a 2241 petitioner must first exhaust his administrative remedies with the Bureau of Prisons before presenting the issue to court. However, if filing administrative remedies would

be futile, exhaustion is not required. See e.g. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1996)(Roth, J., concurring). Petitioner avers that exhaustion is futile because the Bureau of Prisons has zero power to invalidate any Act of Congress for any reason. As a result, it would clearly be futile for Petitioner to attempt to present the issue to the Bureau of Prisons. Moreover, the issue is not one that concerns the agency's interpretation or implementation of the Act's provisions. Instead, this case concerns Congress' exclusion of one group of offenders while granting another group of similarly situated offenders the benefit from the incentive system. Congress, so far as Petitioner is aware, does not have any administrative process to address a challenge to the constitutionality of its actions. It has been the province of the Article III courts to provide all the redress available to the citizenry to challenge the constitutionality of acts of Congress. See Marbury v. Madison, 5 U.S. 137, 180, 2 L. Ed. 60 (1803).

## LEGAL STANDARDS

While not specifically mentioned, the Fifth Amendment does incorporate the principles of equal protection of the laws to the same degree as the Fourteenth Amendment. See e.g. Edmonson v. Leesville Concrete Co., 500 U.S. 614, 616 (1991); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir. 2001)(en banc). In order to present an equal protection challenge to a statute, a petitioner is required to show that the group excluded is "similarly situated" to the group included. When, like here, there is no allegation that any group is a member of a "suspect class," then the standard of review is the "rational basis" test. As the Supreme Court has explained, "there must be a rational relationship between the disparity of treatment and some legitimate governmental purpose." Vacco v. Quill, 521 U.S. 793, 799 (1997). If there is no rational basis for the disparate treatment, the law can not stand under equal protection principles.

## CP AND ENTICEMENT OFFENDERS ARE SIMILARLY SITUATED

In the criminal context, "[w]hen a law imposes collateral consequences based on criminal convictions, two impacted offenders who are treated differently can be similarly situated if their criminal convictions are similar enough." Stradford v. Sec'y Pa. Dep't. of Corr., 53 F.4th 67, 2022 U.S. App. LEXIS 31021, *9 (3d Cir. Nov. 9, 2022). The "similarly situated" analysis does not require a showing that comparators are identical but instead looks to whether the offenders share pertinent similarities. Id.

In Skinner v. Oklahoma, the Supreme Court compared grand larceny and embezzlement under Oklahoma's criminal code. In concluding that the crimes were "similarly situated" for the purposes of the equal protection analysis, the Court looked to "the nature of the two crimes." Skinner v. Oklahoma, 316 U.S. 535, 539 (1942).

Offenses committed under 18 U.S.C. Secs. 2251, 2252, 2422(b), and 2423 share a number of "pertinent similarities" to make them comparable for equal protection purposes. Each of the offenses:

- Are serious felony sex crimes with long enduring consequences of conviction;

- Are felony sex offenses under 34 U.S.C. Sec. 20911 and require compliance with the Sex Offender Registration and Notification Act under 18 U.S.C. Sec. 2250;

- Require a mandatory minimum term of imprisonment;

- Require a minimum of five years of supervised release under 18 U.S.C. Sec. 3583(k);

- Authorize a maximum of life supervised release under 18 U.S.C. Sec. 3583(k);

- Authorize an additional $5,000 special penalty assessment under the Justice for Victims of Trafficking Act codified at 18 U.S.C. Sex. 3014(a)(4);

- Harms child victims;

- Are evaluated for civil commitment under the Adam Walsh Act by the Bureau of Prisons prior to the offender's release under BOP Program Statement 5394.01.

In light of the above, offenses committed under 18 U.S.C. Secs. 2251, 2252, 2422(b), and 2423 are sufficiently similar to invoke the equal protection of the Fifth Amendment.

## THERE IS NO RATIONAL BASIS FOR DIFFERENTIAL TREATMENT

As a general rule, after a petitioner makes a preliminary showing that two groups are sufficiently similar for equal protection purposes, the government must then demonstrate a "rational basis" for the differential treatment. And in many cases, differential treatment of two different crimes is completely justifiable. To be sure, in Stradford the Third Circuit discussed that very line when a challenge was brought to the sex offender registration scheme in Pennsylvania. There, the petitioner alleged that all sex offenders were similarly situated to all other felons. While the Third Circuit rejected the argument because the petitioner did not provide any basis in which to determine how each and every offense were similarly situated, it also discussed a number of "rational" reasons why a legislature may provide for disparate treatment of sex offenders versus non-sex offenders. The Court of Appeals also noted that there are times differential treatment of sex offenders who have committed different sex crimes may be justified. For instance, a sex offender who is found guilty of indecent exposure may not be considered as dangerous as a sex offender who molests children. That basis alone would be more than sufficient to justify, for example, longer registration periods or even longer prison terms. But the rational bases the Third Circuit discussed in Stradford are not applicable to the issue here.

Here, the identified offenses are very serious crimes and each require significant punishment under

the law. Each of the offenses involve a crime that harms the most defenseless of our citizenry. They are each held to the same registration requirements and suffer effectively all the same pains and penalties of conviction except when it comes to the time-credit provision of the First Step Act. As a result, Congress' decision to exclude Petitioner from earning earlier release from prison violates the equal protection component of the Fifth Amendment and he requests this Court grant him the relief he seeks in his Petition for a Writ of Habeas Corpus.

Dated: __May 30__, 2023

_____
Erik Khan, Pro Se

RECEIVED
AT 8:30
JUN -5 2023
CLERK, U.S. DISTRICT COURT - DNJ
M

page 5 of 5