PHILIP R. SELLINGER
United States Attorney
JOHN F. BASIAK JR.
Assistant United States Attorney
402 East State Street, Room 430
Trenton, NJ 08608
(609) 858-0309
john.basiak@usdoj.gov
*Attorneys for Respondent*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIK BILAL KHAN, | Hon. Christine P. O'Hearn, U.S.D.J. |
| *Petitioner*, | Civil Action No. 23-3068 |
| v. | |
| STEVIE KNIGHT, | |
| *Respondent*. | |

**RESPONDENT'S ANSWER TO THE PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

On the Answer:

JOHN F. BASIAK JR.
Assistant United States Attorney

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

    A. Petitioner's Child Pornography Offenses .......................................................... 2

    B. Time Credits Under the First Step Act .............................................................. 2

    C. The Petition ........................................................................................................ 4

    D. BOP's Administrative Exhaustion Procedures .................................................. 5

LEGAL ARGUMENT .................................................................................................. 6

I.     THE COURT SHOULD DISMISS THE PETITION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ...................................................... 6

II.    PETITIONER'S STATUTORY INELIGIBILITY TO EARN TIME CREDITS DOES NOT VIOLATE THE EQUAL PROTECTION CLAUSE ....................... 8

CONCLUSION ........................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) .................................................. 11

*Beauchamp v. Bradley*, No. 20-11295,
    2021 U.S. Dist. LEXIS 31472 (C.D. Cal. Feb. 19, 2021) ............................................ 7

*Bortolotti v. Knight*, No. 22-6137 (CPO),
    2022 WL 17959577 (D.N.J. Dec. 27, 2022) ................................................................. 7

*Bowling v. Hudgins*, No. 19-285,
    2020 WL 1918248 (N.D.W. Va. Mar. 16, 2020) ......................................................... 7

*Brooks v. Warden of F.C.I. Fort Dix*, No. 09-3323-NLH,
    2009 WL 2448516 (D.N.J. Aug. 10, 2009) .................................................................. 6

*Brown v. Grondolsky*, No. 09-3290-RMB,
    2009 WL 2778437 (D.N.J. Aug. 31, 2009) .................................................................. 7

*City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432 (1985) .......................... 11

*Crittendon v. White*, No. 19-669,
    2019 WL 1896501 (M.D. Pa. Apr. 29, 2019) ............................................................. 11

*DeFoggi v. United States*, No. 20-3889-NLH,
    2020 WL 2899495 (D.N.J. June 3, 2020) ..................................................................... 3

*Gambino v. Morris*, 134 F.3d 156 (3d Cir. 1998) ........................................................... 6

*Goodman v. Ortiz*, No. 20-7582 (RMB),
    2020 WL 5015613 (D.N.J. Aug. 25, 2020) .................................................................. 2

*Gunn v. Lappin*, No. 08-6368-RMB,
    2009 WL 1545834 (D.N.J. May 29, 2009) .................................................................. 6

*Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007) ......................................... 9

*United States v. Hayden*, No. 11-14044,
    2011 U.S. Dist. LEXIS 126807 (S.D. Fl. Oct. 25, 2011) ....................................... 9, 11

*Llufrio v. Johns,* No. 19-122,
    2020 WL 5248556 (S.D. Ga. Aug. 13, 2020) ............................................................. 3

*Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) .................................. 6

*Parham v. Hughes,* 441 U.S. 347 (1979) ........................................................................ 11

*Schumacher v. Nix*, 965 F.2d 1262 (3d Cir. 1992) ........................................................ 10

*Stradford v. Sec'y Pa. Dep't of Corr.*, 53 F.4th 67 (3d Cir. 2022) ............................ 9, 10

*United States v. Mathis*, No. 2:10-cr-00019,
   2022 WL 17592066 (W.D. Pa. Dec. 13, 2022) ............................................................ 8

*United States v. Olvis*, 97 F.3d 739 (4th Cir. 1996) ....................................................... 9

*Vasquez v. Strada*, 684 F.3d 431 (3d Cir. 2012) ............................................................ 6

*Velez v. Zickefoose*, No. 10-3992-NLH,
   2010 WL 5186158 (D.N.J. Dec. 15, 2010) .................................................................. 6

**Statutes**

18 U.S.C. Chapter 117 ............................................................................................ 4, 8, 9, 10

18 U.S.C. § 2251 ................................................................................................... *passim*

18 U.S.C. § 2252 ................................................................................................... *passim*

18 U.S.C. § 2256 ................................................................................................... *passim*

18 U.S.C. § 2422 ............................................................................................................ 10

18 U.S.C. § 3621 .............................................................................................................. 3

18 U.S.C. § 3632 ................................................................................................... *passim*

18 U.S.C. § 2421A ......................................................................................................... 10

28 U.S.C. § 2241 ..................................................................................................... 1, 4, 6

18 U.S.C. § 3621 ..................................................................................................... 2, 3, 4

**Regulations**

28 C.F.R. § 523.41(D)(2) ................................................................................................ 8

28 C.F.R. § 542.13(a) ...................................................................................................... 5

28 C.F.R. § 542.18 .......................................................................................................... 5

iv

## PRELIMINARY STATEMENT

Petitioner Erik Bilal Khan is a federal inmate at Federal Correctional Institution ("FCI") Fort Dix. He is serving a 240-month sentence for various child pornography-related offenses, in violation of 18 U.S.C. §§ 2251(e), 2252(a)(2), 2252(b)(1), and 2256. On June 5, 2023, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his ineligibility to earn time credits under the First Step Act because of his convictions. Petitioner concedes that the First Step Act makes him ineligible to earn time credits, but he argues that his "statutory exclusion" does not have a "rational basis" and violates his equal protection rights under the Fifth Amendment. The Court should dismiss or deny the petition.

First, Petitioner concedes he did not exhaust his administrative remedies. Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he must ordinarily exhaust his administrative remedies with the Federal Bureau of Prisons ("BOP"). Courts in this District diligently enforce BOP's administrative exhaustion requirement and only excuse exhaustion when it would be futile or the petition solely raises an issue of statutory interpretation. Those exceptions do not apply here.

Second, Petitioner's statutory exclusion from earning time credits under the First Step Act does not violate Petitioner's equal protection rights. Plaintiff's equal protection challenge is subject to rational basis review because it does not implicate a fundamental right or create a "suspect classification," and the statute satisfies the rational basis test because Congress is entitled to treat inmates convicted of different crimes differently. Moreover, Plaintiff has not identified any "similarly situated"

1

offenders who have received more favorable treatment, which is fatal to his equal protection claim. Thus, the Court should dismiss or deny the petition.

## STATEMENT OF FACTS

### A. Petitioner's Child Pornography Offenses

Petitioner is serving a 240-month sentence of incarceration for various child pornography-related offenses that he committed from May 25, 2009, to May 9, 2012, in violation of 18 U.S.C. §§ 2251(e), 2252(a)(2), 2252(b)(1), and 2256. *See United States v. Khan*, No. 12-2901, ECF No. 174 at 1-3 (amended judgment), ECF No. 65 at 4-5 (guilty plea admitting facts). The sentencing court also sentenced Petitioner to a supervised release term of life. *Id.*, ECF No. 174 at 4. Petitioner's projected release date from BOP custody is July 4, 2029. Declaration of Cyntrena Cross-Peart ("Cross-Peart Decl."), Ex. 2 at 1. Because of his offenses, Petitioner is ineligible to earn time credits under the First Step Act. *See id.* ¶ 11 and Ex. 2 at 2.

### B. Time Credits Under the First Step Act

The First Step Act of 2018 constituted "comprehensive federal criminal justice reform." *Goodman v. Ortiz*, No. 20-7582 (RMB), 2020 WL 5015613, at *3 (D.N.J. Aug. 25, 2020). The statute amends 18 U.S.C. § 3621 governing the calculation of federal sentences. Among other provisions, the First Step Act required the Attorney General, within 210 days of the date of enactment, to develop a "risk and needs assessment system" for federal inmates that would "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(a), (d). The Attorney General met this deadline on July 19, 2019, when BOP released the "Prisoner Assessment Tool Targeting Estimated Risk and Needs"

2

("PATTERN"). *See Llufrio v. Johns,* No. 19-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020), *R. & R. adopted*, 2020 WL 5245133 (S.D. Ga. Sept. 2, 2020). PATTERN "determines the recidivism risk of each inmate and assigns a recidivism risk score of minimum, low, medium, or high risk." *DeFoggi v. United States*, No. 20-3889-NLH, 2020 WL 2899495, at *2 n.1 (D.N.J. June 3, 2020) (internal quotations and citations omitted). "The system also assesses each inmate and determines, to the extent practicable, the inmate's risk of violent or serious misconduct." *Id.*

The First Step Act also required BOP to "implement and complete the initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" within 180 days of PATTERN's release. 18 U.S.C. § 3621(h)(1)(A). Congress instructed BOP to use the risk and needs assessment to classify inmates at risk of recidivism, match inmates with suitable programs "based on the prisoner[s'] specific criminogenic needs," and offer incentives for completing these programs, including time credit toward pre-release custody. 18 U.S.C. § 3632(a), (d). To earn time credits under the First Step Act, an inmate must successfully complete BOP-approved evidence-based, recidivism-reduction programs addressing the needs assigned to that inmate. *See id.* § 3632(d)(4)(A).

However, the First Step Act excludes certain categories of prisoners from eligibility to receive time credits, depending upon the offenses for which they were convicted. *Id.* § 3632(d)(4)(D). Section 3632(d)(4)(D) provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a

3

sentence for a conviction under any of the following provisions of law" and lists 68 offenses.  *See also id.* § 3632(d)(4)(A) ("A prisoner, *except for an ineligible prisoner under subparagraph (D)*, who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits . . . .") (emphasis added); 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits.").  Included among ineligible offenses is a conviction under 18 U.S.C. §§ 2251 and 2252, which are offenses committed by Petitioner.  *See* 18 U.S.C. §§ 3632(d)(4)(D)(xxxix), (xli); *see also Khan*, No. 12-2901, ECF No. 174 at 1-3 (amended judgment).

### C. The Petition

On June 5, 2023, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his ineligibility to earn time credits under the First Step Act because of his convictions.  Petitioner concedes that the First Step Act makes him ineligible to earn time credits, but he argues that his "statutory exclusion" does not have a "rational basis" and violates his equal protection rights under the Fifth Amendment.  *See* Pet., ECF No. 1 at 2.  Petitioner contends that the First Step Act fails the rational basis test because "enticement/transportation [sex] offenders" under 18 U.S.C. Chapter 117 can allegedly earn and apply time credits toward early release while allegedly "similarly situated child pornography offenders" such as himself cannot earn or apply these credits.  *See id.* at 6; *see also* ECF No. 1-3 at 2 (discussing Chapter 117).

4

### D. BOP's Administrative Exhaustion Procedures

Petitioner has filed eight administrative remedies while in BOP custody. Cross-Peart Decl. ¶ 7 and Ex. 1. However, Petitioner has never filed an administrative remedy regarding his eligibility to earn time credits. Under BOP's multi-level exhaustion system, an inmate must first "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if the inmate is not satisfied, he may file a "formal written Administrative Remedy Request, on the appropriate form (BP-9)," within "20 calendar days following the date on which the basis for the Request occurred." § 542.14(a). Third, if the inmate "is not satisfied with the Warden's response," which must issue within 20 days, the inmate may "submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." §§ 542.15(a), 542.18. Finally, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." § 542.15(a). The General Counsel has 40 days to respond. § 542.18. The Administrative Remedy Coordinator at any level may reject and return to the inmate without response a request or an appeal that is written by an inmate that does not meet any of the regulatory requirements. § 542.17(a). If an issue raised by the inmate concerns "an emergency" that "threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing." 28 C.F.R. § 542.18.

5

## LEGAL ARGUMENT

### I. THE COURT SHOULD DISMISS THE PETITION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Petitioner's failure to exhaust his administrative remedies is fatal to his petition. Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he must ordinarily exhaust his administrative remedies. *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-62 (3d Cir. 1996). The administrative exhaustion "requirement is diligently enforced by the federal courts." *Brooks v. Warden of F.C.I. Fort Dix*, No. 09-3323-NLH, 2009 WL 2448516, at *2 (D.N.J. Aug. 10, 2009) (citing *Moscato*, 98 F.3d at 760-62); *see, e.g., Gunn v. Lappin*, No. 08-6368-RMB, 2009 WL 1545834, at *4-5 (D.N.J. May 29, 2009) (dismissing petition brought by inmate challenging his eligibility for early-release incentive for failure to exhaust). This is because exhaustion (1) facilitates judicial review by allowing the appropriate agency to develop a factual record and apply its expertise, (2) conserves judicial resources by permitting agencies to grant the relief requested, and (3) fosters administrative autonomy by providing agencies the opportunity to correct their own errors. *Moscato*, 98 F.3d at 761-62.

Although courts may excuse the exhaustion requirement for habeas petitions under limited circumstances, such as when exhaustion would be futile, *see, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J. concurring), courts in this Circuit routinely enforce the requirement where there is no compelling justification to excuse the petitioner's failure to exhaust. *See, e.g., Velez v. Zickefoose*, No. 10-3992-NLH, 2010 WL 5186158, at *3 (D.N.J. Dec. 15, 2010) ("[I]t has been long

established that an inmate's unjustified failure to pursue administrative remedies results in procedural default warranting decline of judicial review."); *Brown v. Grondolsky*, No. 09-3290-RMB, 2009 WL 2778437, at *1-2 (D.N.J. Aug. 31, 2009) (finding the exhaustion requirement "is diligently enforced by the federal courts" and futility exception applies only in "narrowly-defined circumstances, such as where there has been a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider") (internal citations and quotations omitted).

Petitioner argues in a conclusory manner that the Court should excuse him from exhausting administrative remedies because it would be futile. *See* Pet., ECF No. 1-3 at 2-3. However, courts have held in a variety of contexts that petitions concerning time credits under the First Step Act are generally the type of case in which exhaustion of administrative remedies should be required. *See, e.g.*, *Bortolotti v. Knight*, No. 22-6137 (CPO), 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022); *Beauchamp v. Bradley*, No. 20-11295, 2021 U.S. Dist. LEXIS 31472, at *33 (C.D. Cal. Feb. 19, 2021); *Bowling v. Hudgins*, No. 19-285, 2020 WL 1918248, at *4 (N.D.W. Va. Mar. 16, 2020) (noting that challenge to First Step Act time credit must first be addressed "through the BOP administrative grievance process"), *R. & R. adopted*, 2020 WL 1917490 (N.D.W. Va. Apr. 20, 2020). Furthermore, Petitioner should not be rewarded for his "deliberate refusal" to use BOP's administrative process, which could "improperly encourage" other inmates to adopt a similar approach. *See Beauchamp*,

2021 U.S. Dist. LEXIS 31472, at *33. Thus, there is no basis to excuse Petitioner's failure to exhaust, and the Court should dismiss the petition.

## II. PETITIONER'S STATUTORY INELIGIBILITY TO EARN TIME CREDITS DOES NOT VIOLATE THE EQUAL PROTECTION CLAUSE

Petitioner's petition also fails on the merits. Petitioner concedes that he is ineligible to earn time credits under the plain language of the First Step Act because of the child pornography-related offenses he committed from May 25, 2009 to May 9, 2012, in violation of 18 U.S.C. §§ 2251(e), 2252(a)(2), 2252(b)(1), and 2256. *See Khan*, No. 12-2901, ECF No. 174 at 1-3 (amended judgment), ECF No. 65 at 4-5 (guilty plea admitting facts); *see also* 18 U.S.C. §§ 3632(d)(4)(D)(xxxix), (xli); 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not *eligible to earn* FSA Time Credits.") (emphasis in original).

Rather, Petitioner contends that his "statutory exclusion" from earning time credits does not have a "rational basis" and violates the equal protection principles contained in the Fifth Amendment. *See* Pet., ECF No. 1 at 2. Petitioner argues that the First Step Act eligibility criteria violates his equal protection rights because the statute unfairly discriminates between "enticement/transportation [sex] offenders" under 18 U.S.C. Chapter 117 and "similarly situated child pornography offenders" such as himself. Petitioner believes that the latter offenders can earn and apply time credits toward early release while he cannot earn or apply these credits. *See id*. at 6; *see also* ECF No. 1-3 at 2 (discussing Chapter 117). There is no merit to Petitioner's argument.

To state an equal protection claim, an inmate must allege that (1) he was treated differently from others similarly situated, (2) the discrimination was intentional, and (3) there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Petitioner cannot satisfy all these elements.

First, Petitioner is not "similarly situated" to inmates convicted of enticement or transportation under 18 U.S.C. Chapter 117. "[N]ot all crimes are alike." *See Stradford v. Sec'y Pa. Dep't of Corr.*, 53 F.4th 67, 71 (3d Cir. 2022). Not even all sex crimes against children are alike. *See id.* at 74. And the fact that Petitioner's offenses and other sex offenses might both constitute crimes against children does not make him similarly situated to inmates convicted of those offenses. As the Third Circuit stated in *Stradford*, an equal protection challenge brought by a sex offender requires a showing "that sex offenders are similarly situated among themselves," and this requirement cannot be met where "[d]ifferences between crimes might reasonably explain differences in treatment." *Id.* at 74; *see also United States v. Hayden*, No. 11-14044, 2011 U.S. Dist. LEXIS 126807, at *7 (S.D. Fl. Oct. 25, 2011) (noting that sex crimes have fact-specific elements, which means not all sex offenders are similarly situated). In other words, the comparison must be "more than 'broad generalities.'" *Stradford*, 53 F.4th at 74 (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204 (11th Cir. 2007)). "'Courts must 'isolate the factor allegedly subject to impermissible discrimination.'" *Id.* (quoting *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996)).

9

Here, when comparing the offenses set forth in 18 U.S.C. Chapter 117 to Petitioner's own offenses, Petitioner only notes in general terms that sex offenses against minors are all "very serious," "require significant punishment," and occur to the "most defenseless of our citizenry." Pet., ECF No. 1-3 at 4-5. Those are broad generalities that do not satisfy the fact-specific analysis set forth in *Stradford*. On the contrary, when conducting a fact-specific comparison of the offenses, it is not hard to identify meaningful differences. For starters, the statutes under which Petitioner was convicted—18 U.S.C. §§ 2251(e), 2252(a)(2), 2252(b)(1), and 2256—are specifically targeted toward child pornography. By contrast, 18 U.S.C. Chapter 117 includes offenses that can apply when the victim is an adult engaging in prostitution, and the criminal defendant can invoke an affirmative defense that the prostitution was "legal in the jurisdiction where the promotion or facilitation was targeted." *See* 18 U.S.C. §§ 2421A(e), 2422(a). Additionally, child pornography offenders have a heightened risk of reoffending, as evidenced by the laundry list of "special conditions" set forth in Petitioner's life term of supervised release. *See Khan*, No. 12-2901, ECF No. 174 at 4-7 (amended judgment). Offenders under Chapter 117 may not always have that same predisposition to reoffend. Thus, Petitioner is not similarly situated to inmates convicted of offenses under 18 U.S.C. Chapter 117.

Second, Petitioner cannot demonstrate that his ineligibility to earn time credits lacks a rational basis. Economic or social legislation such as the First Step Act, which does not implicate a suspect class, "need only be rationally related to a legitimate state interest." *Schumacher v. Nix*, 965 F.2d 1262, 1266 (3d Cir. 1992)

10

(quotations omitted); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("Neither prisoners nor indigents are suspect classes."). In other words, legislation that neither employs a suspect classification nor impinges a fundamental right is "entitled to a presumption of validity against attack under the Equal Protection Clause." *Parham v. Hughes*, 441 U.S. 347, 351 (1979); *see, e.g., Crittendon v. White*, No. 19-669, 2019 WL 1896501, at *2 (M.D. Pa. Apr. 29, 2019) (holding that First Step Act subject to rational basis review and denying equal protection challenge to delayed implementation of the statute). This is because "[t]he Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985).

Petitioner cannot overcome this presumption of constitutionality and demonstrate that the First Step Act lacks a rational basis. It is well-established that "Congress has the right to distinguish certain offenses by imposing different penalties and other statutory provisions . . . ." *Cf. Hayden*, 2011 U.S. Dist. LEXIS 126807, at *4 (rejecting equal protection challenge brought by child pornography recipient to statute that did not afford him affirmative defense available to certain child pornography offenders). Similarly, there are multiple examples in the First Step Act where Congress has made certain offenders ineligible for time credits but not others— even where the offenses have similar characteristics. For example, under 18 U.S.C. § 3632(d)(4)(D)(xxv), Congress made most homicide offenders ineligible to earn time credits but not inmates who committed manslaughter or attempted manslaughter.

11

Congress also made eligibility distinctions for certain types of "peonage, slavery, and trafficking in persons," § 3632(d)(4)(D)(xxvii), as well as sabotage, § 3632(d)(4)(D)(xxxvi). Petitioner's attempt to draw his own distinctions as to which offenders should be eligible to earn time credits—namely, child pornography offenders—undermines the deliberate choices made by Congress through the First Step Act. The Court should decline to disturb Congress's judgment in making these choices and dismiss or deny Petitioner's equal protection challenge to the First Step Act.

## CONCLUSION

For the foregoing reasons, the Court should dismiss or deny the petition.

PHILIP SELLINGER
United States Attorney

By: /s/ John F. Basiak Jr.
JOHN F. BASIAK JR.
Assistant United States Attorney
*Attorneys for Respondent*

Dated: October 24, 2023